IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

JEAN M. NELSON,                              *
                                             *
            Plaintiff,                       *
                                             *
v.                                           *        Civil No. 3:04-CV-1350-H
                                             *
AMX CORPORATION,                             *
                                             *
            Defendants.                      *

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Rule 72(A) Objections to the United States Magistrate

Judge's Order, filed May 3, 2005; Plaintiff's Response, filed May 16, 2005; and Defendant's Reply,

filed without leave, May 31, 2005.   Defendant objects to three of the United States Magistrate

Judge's Orders, entered April 4, 2005: (1) Order denying Continuance of Discovery; (2) Order

allowing limited disclosure of certain documents; and (3) Order granting Plaintiff's Emergency

Motion for Protective Order.   For the reasons stated below, Defendant's objections are

**OVERRULED**.

I.      **Background**

On April 4, 2005, the Magistrate entered three orders ruling on non-dispositive matters which

were referred to him by the Court.  In one order ("Disclosure Order") the Magistrate ruled on the

discoverability of certain documents after conducting an *in camera* inspection.  (Mag.'s Order,

entered April 4, 2005.)  The Disclosure Order states in pertinent part: "The Court has reviewed the

documents *in camera* and heard the arguments of counsel regarding production of the documents.

It is ordered that the certain responsive documents be disclosed to Defendant only for the eyes of

their attorneys and an expert witness."[1]   (*Id.*)   In another order ("Discovery cut-off Order"), the

Magistrate considered and denied Defendant's Motion to Continue Discovery, filed March 31, 2005.

(Mag.'s Order, entered April 4, 2005.)   In its Motion, Defendant sought to depose additional

witnesses and re-depose Plaintiff.   In a third order ("Protective Order"), the Magistrate considered

and granted Plaintiff's Motion for Protective Order, filed March 28, 2005.   (Mag.'s Order, entered

April 4, 2005.)   The Discovery cut-off and Protective Orders are related in that the rulings therein

are complementary; the Orders deny Defendant's request for depositions.

## I.      Standard of Review

"Section 636(b)(1)(A) allows a judge to designate a magistrate to hear and determine any

nondispositive pretrial matter."   *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992) (citing 28

U.S.C. § 636(b)(1)(A)); FED. R. CIV. P. 72(a).   "Section 636(b)(1)(A) specifically requires the district

court to apply a 'clearly erroneous' standard when reviewing a magistrate judge's ruling on a

non-dispositive, pretrial motion such as a discovery motion."   *Castillo v. Frank*, 70 F.3d 382, 385

(5th Cir. 1995); *see Perales*, 950 F.2d at 1070 ("An order issued by a magistrate acting under

[Section 636(b)(1)(A)] is reviewed by the district court under the clearly erroneous standard.");

*E.E.O.C. v. Exxon Corp.*, Civ. Nos. A. 3-95-CV-1311-H, A.3-95-CV-2537-H, 1998 WL 50464, *1

n.1 (N.D. Tex. 1998) (Sanders, J.).   Some courts in this District have refined the Court's review of

a magistrate judge's ruling into a tripartite analysis.   *See Merrill v. Waffle House, Inc.*, — F.R.D. —,

Civ. No. 3:04-CV-888-M, 2005 WL 928603, *1 (N.D. Tex. Mar. 22, 2005) (Lynn, J.) ("The Court

---

[1] Defendant challenges the Magistrate's finding that the responsive documents are "Charges of Discrimination filed with the EEOC and a state agency."   The Magistrate's labeling the responsive documents as "Charges" does not alter the content of those responsive documents; therefore denominating them as "Charges" is inconsequential.

reviews the Magistrate Judge's legal conclusions *de novo*, and reviews her factual findings for clear error."); *Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 209 (N.D. Tex. 1996) (Fitzwater, J.) ("The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision. . . The magistrate judge's legal conclusions are freely reviewable.. . . [A]n abuse of discretion standard applies to certain aspects of magistrate judge rulings.") (citing *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) and *RTC v. Sands*, 151 F.R.D. 616, 618 (N.D.Tex. 1993) (Fitzwater, J.)).   Accordingly, the Court applies the applicable standard of review to the Magistrate's orders.

II.     **Analysis**

    A.     **Disclosure Order**

Defendant argues that the Magistrate erroneously: (1) afforded Plaintiff an *in camera* review (of allegedly discoverable documents) without authority; (2) concluded that the responsive documents were Charges of Discrimination against Plaintiff's previous employer; and (3) ruled that the responsive documents be disclosed only for the eyes of Defendant's attorneys without grounds for confidentiality.   The Court addresses Defendant's arguments in turn.

    1.     *In Camera* **Review**

Defendant complains that the Magistrate erroneously accepted, for *in camera* review, Plaintiff's responsive documents, which "the Magistrate *never* ordered [and] was aware that no such *in camera* inspection had been authorized or even requested." (Def.'s Obj. at 19.)  Yet, in it's Reply, Defendant concedes that *in camera* review was in fact authorized at the hearing.[2]  (Def.'s Reply at

---

[2]  The recorded January 5, 2005, hearing contains the following colloquy:
THE COURT:  I'm going to order that you [Plaintiff] fully answer question number nine of the interrogatories.
MR. ARMLONG:  As opposed to answering question number nine, may I submit responsive documents for your review *in camera*?

3

3; *id.*, n.4.)  In a hearing held January 5, 2005, the Magistrate clearly authorized Plaintiff to submit certain documents for *in camera* review.  The Court finds that the Magistrate's *in camera* review was authorized.  *See United States v. $9,041,598.68 (Nine Million Forty One Thousand Five Hundred Ninety Eight Dollars and Sixty Eight Cents)*, 163 F.3d 238, 251 (5th Cir. 1998) ("courts have an inherent power to receive *in camera* evidence and place such evidence under seal.") *superseded on other gr'nds. by*, Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983(c).  Therefore the Magistrate's *in camera* review was not erroneous under any standard of review.

### 2.    Charges of Discrimination

Defendant complains that the Magistrate's conclusion characterizing the responsive documents as "Charges of Discrimination" was in error.  Defendant seeks a *de novo* review of that conclusion.  Fatally, Defendant did not append its objections with a sealed copy of the document it now challenges.  Therefore the Court is unable to analyze the document much less review *de novo* the Magistrate's conclusions.  Irrespective of how the Magistrate denominated the documents, he found them confidential and non-discoverable.  Such findings are not clearly erroneous.  That the Magistrate limited the disclosure of the confidential and non-discoverable documents was not an abuse of discretion.  Defendant's Rule 72(A) Objections to the United States Magistrate Judge's Order denying Continuance of Discovery, entered April 4, 2005, are **OVERRULED**.

### B.    Discovery Cut-off Order & Protective Order

Defendant dissects the Magistrate's one-page Discovery cut-off order and three-page Protective order into nine issues.  (*See* Def.'s Obj. at 4-5.)  The Defendant's itemization of the issues notwithstanding, the Court reviews the Protective Order based on the findings and conclusions

---

THE COURT: Yes, you may. . .

contained therein. The rationale supporting the Discovery cut-off order is contained in the Protective

Order. Accordingly, the Court conjunctively analyzes the Magistrate's rulings.

### 1.        Related Previous Rulings

Defendant makes much of the Magistrate's interpretations and apparent reversal(s) of his

previous rulings. (Def.'s Obj. at 4.) In the January 5, 2005, hearing the Magistrate granted

Defendant's Motion to Compel. (Mag.'s Order entered Jan. 19, 2005.) In its Motion to Compel,

Defendant sought to compel initial disclosures, responses to interrogatories and requests for

production; Defendant did not seek depositions. Defendant reads the Magistrate's Order, entered

January 19, 2005, to have authorized the depositions which the Protective Order prevents Defendant

from taking. (*See* Def.'s Obj. at 4.) Defendant argues that the Magistrate's Order, entered January

19, 2005, conflicts with the Protective Order.[3] (*Id.*) The Order, entered January 19, 2005, however,

says nothing about depositions; neither granting, authorizing, nor denying the depositions which

Defendant now seeks. (*See* Mag.'s Order entered Jan. 19, 2005.) Therefore there is no conflict in

the Magistrate's rulings. Well settled in the law is the principle that a "court may reconsider its own

rulings to avoid perpetuating error." *Cajun Electric Power Cooperative, Inc. v. Riley Stoker Corp.*,

791 F.2d 353, 365 (5th Cir. 1986); *see Christianson v. Colt Industries Operating Corp.*, 486 U.S.

800, 817 (1988) (holding that "[a] court has the power to revisit prior decisions of its own . . . in any

---

[3] Defendant asserts that the Magistrate provided no explanations for its rulings and did not
afford the parties a hearing. (Def.'s Obj. at 4.) Defendant's assertions are without merit. In the
Protective Order the Magistrate explicitly states the rationale underlying his ruling. (*See* Protective
Order at 2 ¶¶ 1-4.) The Magistrate did not conduct a hearing "[b]ecause [he considered] the [parties']
previous motions and responses," which obviated the need for a hearing. (Discovery cut-off Order.)
*Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) ("A decision to hear oral
[argument] on motions is within the sound discretion of the district court."); Fed.R.Civ.P. 78. The
Magistrate's decision not to conduct a hearing was not an abuse of discretion.

5

circumstance," although courts should not generally do so); *United States v. Horton*, 622 F.2d 144, 149 (5th Cir. 1980) ("The doctrine of the law of the case... does not deprive the trial judge of the power to reexamine and, if necessary, to alter a previous ruling in order to avoid the perpetuation of an error."); *see also Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) ("It is clear... that 'a court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court.'"). Accordingly, the Magistrate's Protective Order was neither erroneous nor an abuse of discretion.

### 2.    Conclusion Regarding Limited Disclosure

Defendant objects to the following conclusion in the Protective Order:

> This Court released the Charge of Discrimination for attorney eyes only, and since the mediation statement and settlement agreement are not discoverable, Defendant may not circumvent the Court's order by inquiring of a Sensormatic Corporate Representative or Plaintiff's former supervisor into the circumstances surrounding and the reasons for Plaintiff's separation from employment.

(Def.'s Obj. at 4.) Defendant argues that the conclusion is clearly erroneous or an erroneous legal conclusion in light of the Magistrate's Order, entered January 19, 2005, which allows discovery of Plaintiff's prior employment. Defendant seeks broad discovery, pursuant to the January 19 Order, despite the Magistrate's narrowing of discovery in the Protective Order. The two orders address two different discovery issues. The earlier order provides for broad discovery (early in the discovery process), while the latter order curtails discovery (in the latter stages of the discovery process) to protect that which is non-discoverable. Accordingly, the Magistrate's conclusion was neither erroneous nor an abuse of discretion.[4]

---

[4] Defendant also argues that the responsive documents "do not provide the information requested by Interrogatory No. 9." (Def.'s Reply at 4.) If, as Defendant argues, the responsive documents are not responsive, and because the Magistrate found the documents non-discoverable, then

### 3.      Discovery Cut-off as to Defendant

On March 14, 2005, the Magistrate granted Plaintiff's Motion to Enlarge Time to Complete Discovery and to Roll Back Other Deadlines.  The Order entered March 15, 2005, memorializing his March 14, 2005, ruling does not outline the following limitation: the March 7, 2005 discovery deadline was extended for the limited purpose of allowing Plaintiff to depose persons who were noticed/disclosed but not previously available for deposition.  (*See* Protective Order at 1 n.1.) However, in the hearing on Plaintiff's Motion, the parties agreed to and the Magistrate adopted a limitation to which Defendant now objects: that as to Defendant, the discovery deadline of March 7, 2005, was not extended.  Indeed, Defendant acknowledges that it "agreed to extend discovery for the purpose of allowing [Plaintiff] to take depositions for witnesses that were not available prior to the discovery deadline." (Def.'s Obj. at 16.)  Nevertheless, Defendant argues, the Magistrate's March 15, 2005, ruling does not limit Defendant's right to conduct depositions through March 30, 2005. The Magistrate's Protective Order served to memorialize and clarify its previous oral ruling.  *See Cajun Electric*, 791 F.2d at 365; *Christianson*, 486 U.S. at 817; *Horton*, 622 F.2d at 149; *see also Vintilla*, 931 F.2d at 1447.  Accordingly, the Magistrate's Protective Order was neither erroneous, an abuse of discretion, nor contrary to its previous ruling.

Assuming *arguendo* that the March 30, 2005, discovery deadline also applied to Defendant, Defendant's notice of the four depositions on March 24, 2005, was unreasonable under the circumstances.  It is well settled that Federal Rule of Civil Procedure 30 governs the taking of oral depositions.  *See* FED. R. CIV. P. 30.  "A party desiring to take the deposition of any person upon oral examination shall give *reasonable notice* in writing to every other party to the action."  *Id.* 30 (b)(1)

---

whether or not they are Charges, Defendant has no discovery rights to the non-responsive documents.

(emphasis added). What is reasonable depends on the circumstances. *Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949).

The circumstances from which the Magistrate found Defendant's notice unreasonable are: (1) the deposition deadline had already been extended once; (2) Defendant did not seek leave of the court to further extend the deadline for the additional depositions (which Defendant would be required to do unless it planned on taking four depositions in one day, which would be patently unreasonable); (3) Defendant knew long before May 7, 2005 that Garret Pierce was Plaintiff's supervisor; and (4) Plaintiff's February 11, 2005, deposition states that she made a complaint of discrimination against her previous employer and therefore Defendant could have noticed Plaintiff's previous employer's (including Sensormatic) depositions earlier. Defendant argues that additional circumstances, had they been considered, would have led the Magistrate to rule in their favor.[5]

The Magistrate did, however, consider all the relevant circumstances. The Magistrate has presided over many discovery matters between the parties. (*See* Order Referring Defendant's Motion to Compel, entered Dec. 21, 2004; Order Referring Plaintiff's Motion to Compel, entered Jan. 18, 2005; Order Referring Plaintiff's Motion for Partial Relief from Order on Motion to Compel, entered Feb. 2, 2005; Order Referring Defendant's Motion to Strike, entered Feb. 3, 2005; Order Referring Plaintiff's Motion for Protective Order, entered Feb. 7, 2005; Order Referring Defendant's Motion for Clarification, entered Feb. 7, 2005; Order Referring Plaintiff's Motion for Sanctions, entered Feb.

---

[5] Defendant's itemization of the circumstances leading up to its Motion characterizes Plaintiff as gaming the discovery process and delaying disclosures throughout the discovery period. Defendant argues, that because of Plaintiff's tactics, Defendant did not find out about the necessity of taking additional depositions until very late in discovery. If Defendant believed that Plaintiff has been abusing discovery, Defendant's proper course of action should have been to move to compel and should have moved to enforce the order to compel.

16, 2005; Order Referring Plaintiff's Motion to Enlarge Discovery, entered Feb. 17, 2005;Order Referring Plaintiff's Motion To Extend Time to Complete Discovery, entered Feb. 24, 2005; Order Referring Defendant's Motion for Leave to File Amended Answer, entered Mar. 15, 2005; Order Referring Plaintiff's Emergency Motion for Protective Order, entered Mar. 29, 2005; Order Referring Plaintiff's Motion To Extend Time for Follow-Up Discovery, entered Mar. 31, 2005; and Order Referring Defendant's Motion to Continue Discovery, entered Mar. 31, 2005.) The Magistrate has learned that the parties have been and continue to argue over every aspect of discovery even the most trivial.  (*See* Disclosure Order at 1 ("The parties have fought far too long over trivial disputes in this case and have unnecessarily involved the Court[.]").)  The Court finds that the circumstances, which Defendant alleges were not considered, *were* taken into account by the Magistrate. Accordingly, the Court finds that the Magistrate's findings and conclusions were neither erroneous nor an abuse of discretion.  Likewise, the Magistrate's order disallowing Defendant to depose Peter Nelson, David Eller, Garrett Pierce, and Sensormatic's Corporate representative was not erroneous.

### 4.    Re-opening Plaintiff's Deposition

With respect to Defendant's Motion to continue Plaintiff's deposition, Defendant argues that the Magistrate erred in disallowing Defendant to reopen Plaintiff's deposition in light of, *inter alia*, Defendant having reserved its right to do so.  Defendant's argument is founded on the premise that its deadline to conduct depositions was March 30, 2005, not March 7, 2005.[6]  As discussed above,

---

[6] Defendant also argues that its reservation of right to reconvene Plaintiff's deposition "hinged on when the Magistrate ruled on the *in camera* inspection." (Def.'s Obj. at 18.)  Because the Magistrate ruling on the *in camera* inspection was entered after March 7, 2005, however, Defendant lost its right to reconvene Plaintiff's deposition.  Knowing that the March 7, 2005 deadline was approaching and the Magistrate's ruling was still pending, Defendant could have filed for leave to continue Plaintiff's deposition; alternatively Defendant could have filed for leave to re-open Plaintiff's deposition after March 7, 2005, had passed with the Magistrate's ruling still pending.

9

Defendant's deadline to conduct depositions expired March 7, 2005. Therefore, even if Defendant reserved its right to reopen Plaintiff's deposition, in seeking to re-depose Plaintiff outside the March 7, 2005 deadline, Defendant is required to obtain leave of the Court prior to doing so. FED.R.CIV.P. 30(a)(2)(B). Defendant did not "seek[] leave of the Court . . . to reopen Plaintiff's deposition." (Protective Order at 2.) Accordingly, the Magistrate did not err in disallowing the reopening of Plaintiff's deposition. Defendant's Rule 72(A) Objections to the United States Magistrate Judge's Order allowing limited disclosure of certain documents, entered April 4, 2005; and Order granting Plaintiff's Emergency Motion for Protective Order, entered April 4, 2005, are **OVERRULED**.

## III.    Conclusion

For the reasons state above, Defendant's Rule 72(A) Objections to the United States Magistrate Judge's Orders, entered April 4, 2005, are **OVERRULED**.

SO ORDERED.

DATED: June 10, 2005.

**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

---

Defendant asserts that it could not have known if or when the Magistrate would rule on the *in camera* inspection because it had no notice of if or when Plaintiff submitted documents for *in camera* inspection. Defendant's argument lacks merit because Defendant was aware as early as January 5, 2005, and as late as February 11, 2005, that Plaintiff had not adequately responded to its Interrogatory No. 9. Defendant was aware that Plaintiff's response to Interrogatory No. 9 was the subject of the Magistrate's *in camera* inspection. Given the importance Defendant now places on Interrogatory No. 9, it should have filed for timely leave to redepose, knowing that an open issue remained as to Interrogatory No. 9.

Interrogatory No. 9 asks "whether Plaintiff has ever made a claim of discrimination or retaliation against any employer (including AMX) and if so, identify such complaint by specifying when the complaint was made, to whom the complaint was made, and the reason for said complaint." (Def.'s Reply at 3; Pl.'s Resp. at 5 n.4.)